### West Chicago Street Railroad Company v. David S. Stiver.

1. VERDICTS—*Upon Conflicting Evidence.*—While the evidence in this case was very close and conflicting, it was passed upon by the jury under proper instructions, and their verdict must stand.

2. STREET RAILROADS—*Notice by Passenger of Desire to Alight— How Given.*—If one of the men in charge of a street car has notice, from the conduct of a passenger in his immediate presence and sight, that such passenger desires to alight from the car, such notice is as. good as if given by express warning or notification by the passenger.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. McARDLE, of counsel.

DALE & FRANCIS, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee took passage at the intersection of Ogden avenue and West Madison street upon an east bound grip-car on appellant's Madison street line, and rode about half a mile to Center avenue.

He was in company with Doctor Ward, and it was about eleven o'clock in the evening in the month of May. Finding it was too cold upon the grip-car, they determined to change their seats, and to do so, they stepped down upon the foot board that ran lengthwise of the grip-car, in order to go into the trailer, which was an inclosed car, about the time the train reached Center avenue.

At that street crossing a man signaled the gripman to stop and let him get aboard. The speed of the train was slackened, if not entirely stopped, and the man got aboard. As soon as he did so the train was quickly started up, either from a complete stand-still or from a very slow speed. Doctor Ward succeeded in making the change from one car to the other in safety, but the appellee was either thrown from the foot-board by the sudden starting up of the train, or having stepped to the ground in safety, was thrown as he attempted to get upon the platform of the trailer while the train was in rapid motion. One of his legs was broken in two places, and for his injuries the jury gave him a verdict for $700, upon which the judgment appealed from was entered.

There are some very close questions of fact in the case—whether the gripman or conductor had notice that appellee wished and intended to either get off the train, or to change his seat from one car to another—whether the train started suddenly and with a severe jerk, from a condition of repose to one of considerable speed while appellee was observed by the managers of the train to be in a place of peril, and whether, or not, the appellee was not guilty of contributory negligence by attempting to catch the guard of the trailer while the train was moving with rapid speed after he had safely reached the ground—but all of these, and

other questions, upon which the evidence was close and conflicting, were passed upon by the jury, and perhaps, considering the size of the verdict, with some of the hesitation we feel concerning them, and we ought not to reverse their finding.

We fail to appreciate the force of the appellant's argument upon an alleged variance between the evidence and the declaration, and therefore waive a discussion of it.

It is argued that the verdict was inconsistent with the seventeenth instruction given for appellant, which was as follows:

" If the jury believe from the evidence that the plaintiff by the use of ordinary care might have warned or notified the conductor or gripman of his, plaintiff's, desire to alight from the grip-car, and that he did not so warn or notify either of them, then the verdict of the jury should be in favor of the defendant."

The jury had the right, to find from the evidence, as they probably did, that one of the conductors, or the gripman, or both, had notice from the conduct of the appellee in their immediate presence and sight, that he wished to alight from the grip-car as soon as it came to the stop which the would-be passenger signaled the train to make; and if they or either of them did have such notice, it was as good as if given by express warning or notification by appellee. We must not be understood to approve of the instruction as given, although appellant can not complain of it—it being given at its request.

We are not prepared, in view of the general custom of street-car carriers of persons, to draw a distinction between foot-boards and car seats, as places of relative danger and safety, as we should have to do if we were to say it was error to refuse appellant's nineteenth instruction.

We are unable to say with certainty, that there is substantial error in the record, and will therefore affirm the judgment.